## Case No. 10,281.

### In re NOAKES.

[1 N. B. R. (1873) 592 (Quarto, 164); [1] Bankr. Ct. Rep. 162.]

### District Court, D. Maryland.

BANKRUPTCY—PROPERTY NOT BELONGING TO BANKRUPT TAKEN BY ASSIGNEE—RETURN—COSTS—EXEMPTION UNDER STATE LAW.

1. If the assignees are satisfied that property taken by them did not belong to the bankrupt they should return it without delay: if, however, they are in doubt, the claimant must seek redress by the appropriate remedy in the courts of the state.

[Criticised in Re Vogel, Case No. 16,983.]

[Cited in Leighton v. Harwood, 111 Mass. 72.]

2. The costs will be paid according to the discretion of the court.

3. If the bankrupt should select, under the state law, one hundred dollars' worth of property in real estate, he may receive in addition thereto furniture and other necessaries of the value of five hundred dollars, but the allowance of this amount would vest in the sound discretion of the assignee.

In this case Register Hurley certified that in the due course of such proceedings the following questions, pertinent to the same, arose, and were stated and agreed to by W. P. Maulsby, Esq., attorney for assignees, and A. D. Merrick, Esq., attorney for the bankrupt [Thomas Noakes]: First. "Where the assignees have taken property found in possession of the bankrupt belonging to other parties, how are the real owners to recover it, and before what tribunal?" Second. "Are the assignees bound to set apart five hundred dollars to the bankrupt, and one hundred dollars under the state exemption, or is it optional with them to give what they please to him?"

The facts in this case are: The assignees found in the possession of the bankrupt, property belonging to other parties, and seized the same, and are now holding the property as assets of the bankrupt. The assignees have valued the property set apart at a very high figure, and have set apart to him property belonging to other persons. The register was of the opinion that the parties claiming ownership should sue out a writ of replevin in the Washington county circuit court, when the value of the property claimed amounts to one hundred dollars; under that amount, before a justice of the peace. To the second question, they are to look at the condition of the bankrupt, and act accordingly, so far as relates to the five hundred dollar clause. The other exemptions named in the law must be rigidly enforced.

GILES, District Judge. The following questions have been certified to me by the register in this case: First. "Where the assignees have taken property found in the possession of the bankrupt belonging to other parties, how are the real owners to recover it, and before what tribunal?" Second. "Are the assignees bound to set apart five hundred dollars to the bankrupt, and one hundred dollars under the state exemption, or is it optional to give what they please to him?" As to the first question: If the assignees are satisfied that property taken by them did not belong to the bankrupt, they should return it without delay to the owners. If they believe such property claimed by others is the property of the bankrupt, the claimant must seek redress by the appropriate remedy in the courts of the state, and if successful, and the assignees are condemned to pay the costs of such proceeding, it will rest with the court, upon the settlement of the assignee's accounts, to allow or reject the amount of such costs. This will depend upon the court's opinion of the action of the assignees as to whether, under the circumstances, they were right in taking, and holding on to, said property.

As to the second question, in reference to the exemption clause in the bankrupt act [of 1867 (14 Stat. 517)], there is some difficulty. I construe this clause as follows: First. The wearing apparel of the bankrupt, with that of his wife and children, is exempt. Second. The necessary household and kitchen furniture, and such other articles of the bankrupt as the said assignee shall designate and set apart, but not to exceed the sum of five hundred dollars. The assignee exercises his discretion in this matter, subject to the final decision of the court, if an exception be taken. The law of this state does not exempt one hundred dollars in money, but one hundred dollars' worth of property, either real or personal, to be selected by the bankrupt, and the value ascertained by appraisement duly made by three appraisers summoned and sworn by the officers, &c. (I suppose in a bankrupt case by the register), and also wearing apparel, books, and tools of mechanics, but not books kept for sale. I suppose the assignee should first ascertain what is exempt under the state law. The wearing apparel is exempt by both laws, the bankrupt and the state. Next, by the state law, the bankrupt's private library and his tools as a mechanic are exempt; and lastly, such real and personal property as he may select, not exceeding in value one hundred dollars. Then, by the bankrupt act, the necessary household and kitchen furniture, and such other articles and necessaries of such bankrupt as the assignee shall designate and set apart; as to these he exercises his discretion, as I have shown, but altogether (furniture and other articles) not to exceed in value the sum of five hundred dollars. Now, if the bankrupt under the state exemption has selected his furniture, or a part thereof, the same being exempt under the bankrupt law, there can be no second allowance for the same in any way. If the bankrupt, under the state law, should

---

[1] [Reprinted from 1 N. B. R. 592 (Quarto, 164), by permission.]

select his one hundred dollars' worth of property in real estate, then it might happen that he might receive in addition thereto furniture and other necessaries of the value of five hundred dollars, but this amount would rest, as I have said, in the sound discretion of the assignee.

The clerk will certify these answers to B. F. M. Hurley, Esq., the register in this case.